The opinion of the Court was delivered by
O’Neall, J.
The Judge below, speaking of Tempe, and the Providence place, and the purchase of them by money coming from the defendant, said, “ if the money had been won at play, or otherwise acquired, without abstraction of any thing which a creditor could take, the disposition of it in favor of wife and children, I thought not less lawful than would have been the loss of it at play, or the spending of it, in gratification of vicious appetites. If it had been so lost or spent in 1841, the benefit of the Act in 1857, would not thereby have been defeated and no worse result could come from putting it beyond the reach of creditors by investing it in property, of which the title was not subject to their claims.”
We do not concur, in this ruling, for we think it wholly immaterial from what source a man derives money for his own use, if he fraudulently invests or otherwise puts it out of the reach of his creditors with a view to hinder, defeat or delay them.
■ But still we do not think, that the defendant’s discharge ought to have been prevented by the transactions alleged to be fraudulent in reference to Tempe, or the Providence place.
The purchase of the Providence place for him by Sanders was in 1837. In 1841, the purchase money was refunded to Sanders, and he made the title to John Ballard, Sr., in trust for the sole and separate use of the defendant’s wife during her life, and after her death for her children.
A lapse of sixteen years would prevent a Court of Equity from declaring this deed to be fraudulent as to existing *269 creditors; and the fact of being recorded would prevent subsequent creditors from being considered as thereby defrauded. Eor they would credit with notice, that the property was not John F. Ballard’s. The same remarks apply to* Tempe, for she was conveyed in a similar way (except that John F. Ballard is entitled to a contingent survivorship for life which is certainly covered by his amended schedule.)
How these matters can, after this great lapse of time be set up as an objection to the debtors’s discharge, when the estate, whatever it might have been in the beginning, is in the trustee for his wife and children, I cannot conceive. For beyond all doubt, he never had any estate, legal or equitable, which was liable to his creditors. It is true, the monev which he paid, if paid without any direction, might have made a resulting trust to him, but when paid, and a trust was directed to his wife and children, the express trust prevented the implication of a different one.
The only matter which could arise against his discharge, would be that at that time, he put that much money out of his power, to defeat, delay or hinder his creditors. In analogy to the Statute of Limitations, I hold, that that cannot avail existing creditors after a lapse of four years, and as to subsequent creditors, with notice of the conveyances there is no fraud. If, however, the defendant has any interest in the Providence place, or Tempe, his amended schedule conveys that to the plaintiff, and certainly, there can be no objection in, these particulars to his discharge. On all the other points in the case, we concur in the ruling of the Judge below. The facts were for the jury, and we perceive no reason to be dissatisfied with their verdict.
The motion is dismissed.
Wardlaw, Whitner and Munro, JJ., concurred.